## Work *et al. versus* Kase.

The maker or endorser of an accommodation note cannot set up want of consideration as a defence against it, in the hands of a third person, even though it be placed there merely as collateral security by the party entitled to negotiate it.

In an action against the endorser of a promissory note, endorsed for the accommodation of the maker, the latter is a competent witness to prove facts *dehors* the note, showing an agreement for satisfaction of it, tantamount to payment.

It is the character of the testimony, rather than the relation of the party to the instrument, that governs the question of the admissibility of such a witness. If the witness be not involved in the immediate result of the suit, the policy of the law only holds him to silence in regard to acts which might invalidate the paper in its original concoction, or the consideration of the endorsement.

ERROR to the Common Pleas of *Montour county*.

This was an action of *assumpsit* by Work, Young & McCouch against Simon P. Kase, as endorser of a promissory note, of which the following is a copy:—

"$1000.00.            .            Danville, August 25, 1857.

"Sixty days after date I promise to pay to the order of S. P. Kase, Esq., at the City Bank, Philadelphia, one thousand dollars, without defalcation, value received.

"Credit the drawer.            SMITH B. THOMPSON.
    "SIMON P. KASE.
Endorsed—"SIMON P. KASE."

The defendant gave the following notice of special matter:—

"You are hereby notified that the defendant, Simon P. Kase, will, upon the trial of the above-stated suit, prove that the promissory note in plaintiffs' declaration mentioned, dated 25th August 1857, made by Smith B. Thompson for one thousand dollars, drawn payable to the defendant, Simon P. Kase, or order, at the City Bank, sixty days after date, and endorsed by said defendant, Simon P. Kase, was endorsed by him, the said Simon P. Kase, for the sole benefit and accommodation of the said Smith B. Thompson, and without any consideration being paid by said Thompson, or any other person, for the same; but that said note note was endorsed by defendant for the purpose of enabling said Thompson to raise money thereon by procuring the same to be discounted. [He will further prove, that said promissory note was not received by plaintiffs from said Smith B. Thompson in the regular course of business, and for a good and valuable consideration.] He will prove that at the time said plaintiffs received from Smith B. Thompson the above-mentioned promissory note, they, the plaintiffs, held a certain draft, which had been

drawn by the Montour Iron Company, J. P. & J. Grove, agents, upon said Montour Iron Company, dated May 11, 1857, for the sum of five hundred and ninety-two dollars and six cents, payable sixty days after date, to Smith B. Thompson or order, and accepted by said Montour Iron Company, which draft the said Smith B. Thompson had endorsed and delivered to said plaintiffs. That after the said draft had become due and had been protested for non-payment, the said Smith B. Thompson, at the instance and request of said plaintiffs, received from said plaintiffs the said draft hereinbefore mentioned, for the purpose of collecting the same of the Montour Iron Company for said plaintiffs, under an agreement with said plaintiffs, that if he, Thompson, collected and received the money for said draft, he would pay the same to said plaintiffs or their order, and if he failed to collect the same, that he would then return said draft to the plaintiffs; and that the said promissory note in plaintiffs' declaration mentioned was, then and there, (viz. at the time and place that said Thompson received from plaintiffs for collection the aforesaid draft) delivered by said Thompson to said plaintiffs in pledge, and as security that said Thompson would pay over to the said plaintiffs, or to their order, the money which he should collect and receive on said draft, or if he failed to collect of the Montour Iron Company the amount of the said draft, that then he, said Thompson, would return said draft to the plaintiffs, and that upon paying said money, if collected, or returning said draft, if not collected, the said plaintiffs should deliver up to him the said promissory note. He will further prove that said Thompson failed to collect said money on said draft mentioned, or any part thereof, from the Montour Iron Company, and that afterwards, and before the bringing of this suit, the said Smith B. Thompson, or some other person for him, did offer to return said draft to the plaintiffs, and did produce and exhibit the said draft to said plaintiffs, and request said plaintiffs to receive the same and deliver up said promissory note. That said plaintiffs refused to receive said draft from said Thompson, or from the person then and there on behalf of said Thompson making tender of said draft, and refused to deliver up said promissory note. You are further notified, that you will be required to prove on the trial of this cause the consideration paid by you to said Smith B. Thompson for said promissory note in your declaration mentioned."

Under this notice, the defendant, on the trial, offered in evidence, the deposition of Smith B. Thompson, the maker of the note, to prove the facts therein set forth, with the exception of the part within brackets. Before the deposition was taken, the defendant had executed a release to the witness. The court below admitted the evidence, notwithstanding an objection by the plaintiffs, and sealed a bill of exceptions. And a verdict and

[Work *et al. v.* Kase.]

judgment having been given for the defendant, the plaintiffs removed the cause to this court, and here assigned the same for error.

*E. H. Baldy*, for the plaintiffs in error, cited Steckel *v.* Steckel, 4 *Casey* 235; Walton *v.* Shelly, 1 *T. R.* 296; Davenport *v.* Freeman, 3 *W. & S.* 557.

*P. Leidy*, for the defendant in error, cited Appleton *v.* Donaldson, 3 *Barr* 386; Lord *v.* Ocean Bank, 8 *Harris* 386; Kirkpatrick *v.* Muirhead, 4 *Id.* 128; Woodhull *v.* Holmes, 10 *Johns.* 231; White *v.* Kibling, 11 *Id.* 128; Snyder *v.* Riley, 6 *Barr* 168; Gilpin *v.* Howell, 5 *Id.* 52.

The opinion of the court was delivered by

THOMPSON, J.—This was a suit by the plaintiffs in error, endorsees, against the defendant in error, endorser of a promissory note made by one Smith B. Thompson, payable to the order of the defendant sixty days after date.

Pursuant to notice of special matter, the defendant at the trial gave in evidence, under exception, the deposition of the maker, taken on a commission, and after a release from liability to the defendant.

The only assignment of error in the case is to the admission of this testimony, which is set out by the plaintiffs in error as follows:

"The court erred in admitting in evidence the deposition of Smith B. Thompson, the maker of the note in suit, to prove that he had received from the plaintiffs, for collection, a certain acceptance of the Montour Iron Company, for the payment of the sum of $592.06, dated May 11th 1857, payable in sixty days after date, and at the same time passed the said note to the plaintiffs in pledge, and as a security that he would pay over to the plaintiffs, or their order, the money which he should collect and receive on said acceptance; and if he failed to collect of the said Montour Iron Company the amount of the acceptance, that he would return said acceptance to plaintiffs; and that upon paying said money, or returning said acceptance, if not collected, the plaintiffs were to deliver up to him the said note," &c., and which was followed by proof, by another witness, of an offer to return to the plaintiffs the said acceptance.

The note in suit was unquestionably endorsed by the defendant, simply for the accommodation of the maker. But it is settled by many cases in Pennsylvania, that the maker or endorser of such a note cannot set up want of consideration as a defence against it in the hands of a third person, even though it be there merely as collateral security by the party entitled to negotiate it: Appleton *v.* Donaldson, 3 *Barr* 381; Lord *v.* The Ocean Bank, 8 *Harris*

[Work *et al. v.* Kase.]

384; Moore *v.* Baird, 6 *Casey* 138. Considering the transaction here merely as a pledge of the note as collateral security for the performance of the pledgor, who was the maker, to pay over the money he might collect on the acceptance of the Montour Iron Company, or, in case of failure to collect, to return it to the plaintiffs, it was a disposition of it that the holder might make, and no one could doubt but that there was a valuable consideration given for it, in the delivering over to the holder the acceptance in question. The endorser, although an accommodation endorser, could not object. "He who chooses," said BLACK, C. J., in Lord *v.* The Ocean Bank, "to put himself in the front of a negotiable instrument for the benefit of his friend, must abide the consequences (12 *S. & R.* 382), and has no more right to complain if his friend accommodates himself by pledging it for an old debt, than if he had used it in any other way." A pledge as collateral will not relieve an accommodation endorser or drawer, and more especially so, when there is a consideration passing at the time, as in this case; for the law esteems the negotiation under such circumstances as in the usual course of business.

The testimony of the maker was therefore received, not to show that the transfer of the note to plaintiff was not in the usual course of business—the facts did not warrant this—nor that the note was invalid at the time it was made, or that the endorsement was inoperative, but facts arising *dehors* the note, showing an agreement for satisfaction of it, tantamount to payment. This could certainly be done, as abundantly appears by the cases of Appleton *v.* Donaldson, 3 *Barr* 381; Gilpin *v.* Howell, 5 *Barr* 52; White *v.* Kibling, 11 *Johns. Rep.* 128; Lord *v.* The Ocean Bank, *supra.* It is the character of the testimony, rather than that of the relation of the party to the instrument, that governs questions like the present. If the witness is not involved in the immediate result of the trial, the policy of the law only holds him to silence in regard to acts which might invalidate the paper in its original concoction, or the consideration of the endorsement. We think this rule was not invaded by the admission of the testimony of the maker in this case. He said nothing whatever to impeach the validity of the note, or the consideration for the transfer. His testimony went no further than to show that, by agreement, the note was subsequently to be discharged, either by the return of the acceptance of the Montour Iron Company or the money for the acceptance. This, followed by proof of an offer to return the uncollected acceptance to plaintiffs, made a good defence. It was, in its nature, payment or satisfaction, not by way of failure of consideration or invalidity in the paper, but by the application of what was agreed on as between the parties to the transaction to be payment or satisfaction. This, as we have seen, the law fully sanctions. In the case of Thompson *et al. v.* The Gettysburg Bank

[Work *et al. v.* Kase.]

(not reported), the drawer was offered to prove want of considera-
tion for the note, and in fact that the maker and endorsers were
never liable at any time on it. That was the effect of the testimony
offered there, and we held it incompetent on the score of public
policy. We think the court below committed no error in the ad-
mission of the testimony.

Judgment affirmed.